## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **VISTA PEAK VENTURES, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:19-CV-00184-JRG** |
| | § | |
| **GIANTPLUS TECHNOLOGY CO., LTD.,** | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant GiantPlus Technology Co., Ltd.'s ("GiantPlus") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) for Insufficient Service of Process (the "Motion"). (Dkt. No. 16). Having considered the Motion and briefing, and for the reasons set forth herein, the Court is of the opinion that it should be and hereby is **DENIED**.

## I.     Background

Plaintiff Vista Peak Ventures, LLC ("VPV") filed a complaint against GiantPlus on May 23, 2019. (Dkt. No. 1.) VPV requested that the Clerk send the summons and complaint to GiantPlus via international, registered mail, return receipt requested. (Dkt. No. 16 at 1.) On June 10, 2019, a security guard employed by GiantPlus took delivery of the mail, which included the summons and complaint (the "Notice") regarding the current action. *Id.* at 2. The security guard stamped a receipt acknowledging that the mail was received. *Id.*

The Notice was then delivered to the General Administrator of GiantPlus who noticed that the letter was from the U.S. District Court of the Eastern District of Texas. *Id.* The General Administrator stamped the letter, acknowledging receipt, and then returned the letter to sender because it was not directed to a specific individual or department. GiantPlus now moves to dismiss VPV's Complaint for insufficient service under Federal Rule of Civil Procedure 12(b)(5).

## II.     Standard of Review

In order for a court to exercise jurisdiction over a defendant, a plaintiff must serve that defendant with process according to Rule 4 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 4. In the absence of such process, a defendant may move to dismiss a case under Federal Rule of Civil Procedure 12(b)(5). S*ee Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999). In order to avoid dismissal, the plaintiff must make a *prima facie* showing of proper service. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

## III.     Discussion

GiantPlus challenges the effectiveness of VPV's service of process on three grounds. First, GiantPlus contends that Taiwanese law prohibits a foreign court or its court clerk from directly mailing a summons to a Taiwan-based defendant. Second, GiantPlus contends the stamp acknowledging receipt by the security guard and General Administrator do not constitute a signature for return of service. Third, GiantPlus argues that service was not made on a person authorized to accept service.

Federal Rule of Civil Procedure 4(h)(2) provides that serving a foreign corporation "at a place not within a judicial district of the United States" must be done in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under Rule 4(f)(2)(C)(i). Rule 4(f) permits service upon individuals in a foreign country:

(1)  by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

   (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

   (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

   (C) unless prohibited by the law of the foreign country, by

       (i)  delivery to the individual personally of a copy of the summons and the complaint; or

       (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the court.

Since Taiwan is not a party to the Hague Convention, nor has the court directed other means, subsection (1) and (3) of the Rule do not apply. The question before the Court is whether VPV served GiantPlus effectively pursuant to subsection (2).

Under subsection (2), VPV can serve GiantPlus using one of three means. First, VPV may effect service in a manner prescribed by Taiwanese law. *See* FED. R. CIV. P. 4(f)(2)(A). Second, VPV may effect service through a letter rogatory. *See* FED. R. CIV. P. 4(f)(2)(B). Finally, VPV may effect service by requesting the court clerk to mail service to GiantPlus, so long as it is not expressly prohibited by Taiwanese law. *See* FED. R. CIV. P. 4(f)(2)(C)(ii); s*ee also Intelligender, LLC v. Soriano*, No. 2:10-cv-125-JRG, 2012 WL 215066, at *2 (E.D. Tex. Jan. 24, 2012) (citing *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, 2006 WL 903194, *6–7 (S.D.N.Y. April 6, 2006).

Here, VPV selected option three by requesting that the Clerk of this Court send the summons and complaint to GiantPlus pursuant to Rule 4(f)(2)(C)(ii)

GiantPlus argues that Taiwanese law requires that service of process be administered by a Taiwanese court clerk. To support this contention, GiantPlus points to Taiwan Code of Civil Procedure Articles 123 and 124, which state in relevant part that service of process shall be administered by the court clerk.[1] Taiwan Code of Civ. P. Art. 123, 124. However, the relevant test for Rule 4(f)(2)(C)(ii) is not whether the method of service is *prescribed* by Taiwanese law, but rather whether it is *expressly prohibited*. *See Prewitt Enters. v. OPEC*, 224 F.R.D. 497, 501 n.6 (N.D. Ala. Aug. 2, 2002) (stating that Rule 4(f)(2)(C) had to comply with the law prescribed by the foreign country, then it would be superfluous to Rule 4(f)(2)(A)).

Having reviewed the relevant case law and the parties' briefing, the Court finds that Taiwanese law does not prohibit service of process by mail. *West v. Velo Enter. Co., Ltd.*, No. 5:13-cv-00024-OLG, 2013 WL 12086781, at *2 (W.D. Tex., Aug. 29, 2013) (finding that service of process by mail is not prohibited by Taiwanese law); *accord TASER Int'l, Inc. v. PhaZZer Elecs., Inc.*, No. 6:16-cv-366-Orl-40KRS, 2016 WL 7137560, at *2-3 (M.D. Fla. Oct. 5, 2016); *SignalQuest, Inc. v. Tien–Ming Chou & Oncque Corp.*, 284 F.R.D. 45, 48 (D.N.H. May 22, 2012); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-cv-03972-LHK, 2011 WL 3903232 (N.D. Cal. Sept. 6, 2011).; Therefore, VPV may effectively serve GiantPlus via registered mail from this Court's Clerk under Rule 4(f)(2)(C)(ii).

Next, GiantPlus contends that service was not effective because the return was not signed. For service made under Rule 4(f)(2), the plaintiff must provide proof of service by a receipt signed by the addressee or by other evidence satisfying the court that the summons and complaint were

---

[1] GiantPlus also relies on Taiwanese caselaw but fails to provide any English translation of the same. GiantPlus also fails to establish that the Taiwanese decision has any precedential effect.

delivered to the addressee. FED. R. CIV. P. 4(l)(2)(B). Service pursuant to Rule 4(f)(2)(C)(ii) requires a signed receipt. FED. R. CIV. P. 4(f)(2)(C)(ii).

GiantPlus argues no return of service was signed under either U.S. or Taiwanese law. It also contends that U.S. law requires that the signed receipt applies specifically to the service document, and that Taiwanese law states that a generic "mail received" stamp is not sufficient to satisfy the requirements under Taiwan Code of Civil Procedure Article 141. However, as discussed previously, there is no requirement that service comport with the Taiwan Code of Civil Procedure. Therefore, whether or not a generic "mail received" stamp is sufficient under Taiwanese law is irrelevant.

Under U.S. law, the "mail received" stamp comports with the signature requirement imposed by Rule 4. The Federal Rules only require that service be proven with a signature or a substantially equivalent document. Courts have found this requirement satisfied in the absence of a true signature. *TracFone Wireless, Inc. v. Bitton*, 278 F.R.D. 687, 693 (S.D. Fla. Jan. 10, 2012) (finding that the signature requirement was satisfied by an email delivery confirmation from FedEx). Accordingly, a stamp showing that the defendant received a copy of the complaint and summons satisfies the signature requirement imposed by Rule 4.

Finally, GiantPlus argues that service must have been made on a manager of GiantPlus. Article 137 of the Taiwan Code of Civil Procedure states that service on a corporation may be effected by serving a manager of the corporation. GiantPlus also cites U.S. caselaw, where courts have found service on a corporation's receptionist or a non-employee mailroom clerk to be ineffective as to the corporation. *See Fujitsu Ltd. v. Nanya Tech.*, No. 06-cv-6613 2007 WL 484789, at *5 (N.D. Cal. Feb. 9, 2007); *Monolithic Power Sys., Inc. v. Chip Advanced Tech. Inc.*, No. 07-cv-8065, 2008 WL 11342691, at *1 (C.D. Cal. Sept. 16, 2008). However, in each of these

cases, the respective courts were analyzing service under Rule 4(f)(2)(A). That rule requires that service be effected as prescribed by the foreign country's law for service. FED. R. CIV. P. 4(f)(2)(A). However, service under Rule 4(f)(2)(C)(ii) does not have to be made pursuant to Taiwanese law. *See Emery v. Wood Industries, Inc.*, No. CIV. 98-480-M, 2001 WL 274747, at *2 (D.N.H. Jan. 17, 2001). It is not disputed that the service undertaken by the clerk was a form of mail requiring a signed receipt. The rule is silent as to if and how that receipt must be signed.

Even if Taiwanese law applies, which this Court does not find, the process server was not required to directly serve a manager of GiantPlus. On the contrary, any of GiantPlus' employees of suitable age and discretion could have been served process. *See* Taiwan Code of Civ. P. Art. 137; *Parker v. Alexander Marine Co.*, No. SACV121994DOCANX, 2014 WL 12580252, at *4 (C.D. Cal. Apr. 16, 2014). Here, it is undisputed that the litigation documents were served on June 10, 2019 at GiantPlus' corporate headquarters to an employee of GiantPlus, who given his or her title was presumptively of suitable age and discretion.

## IV. Conclusion

Based on the foregoing, the Court finds that GiantPlus was properly served with process under Federal Rule of Civil Procedure 4(f)(2)(C)(ii). Accordingly, GiantPlus' Motion to Dismiss under Federal Rule of Civil Procedure Rule 12(b)(5) for Insufficient of Process (Dkt. No. 16) is **DENIED**.

**So ORDERED and SIGNED this 27th day of August, 2019.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE